ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | **CV101-051** |
| WREN CHEVROLET, INC., | ) ) | COMPLAINT |
| | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Lisa Hadden who was adversely affected by such practices. The Commission's lawsuit alleges that Hadden was denied a promotion to the position of Service Manager by the Defendant's President, Tony Wren, because of her sex, female.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e-5(f) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Sec. 1981a..

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Savannah Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and

enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f) (1) and (3) of Title VII, 42 U.S.C. Sec. 2000e-5 (f) (1) and (3).

4. At all relevant times Defendant ("Employer") has continuously been doing business in the State of Georgia and the City of Wrens, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lisa Hadden filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 1997, Defendant Employer has engaged in unlawful employment practices at its Wrens, Georgia facility in violation of §703(a)(1), (2) of Title VII, 42 U.S.C. §2000e-2(a)(1), (2). Defendant refused to promote a well qualified female to Service Manager because of her sex, female.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Lisa Hadden of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender.

9. The unlawful employment practices complained of in paragraph 7 above were, and are intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Lisa Hadden.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors,

assigns, and all persons in active concert or participation with it, from engaging in discriminatory promotion practices and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Lisa Hadden by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement or front pay.

D. Order Defendant Employer to make whole Lisa Hadden by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including job search expenses and out of pocket medical expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Lisa Hadden by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Lisa Hadden punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

GWENDOLYN YOUNG REAMS
Associate General Counsel

S. ROBERT ROYAL
Regional Attorney

CHARLES T. BELL, JR.
Senior Trial Attorney
Georgia Bar No. 047649

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Atlanta District Office-Legal Unit
100 Alabama Street, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6811 or (404) 562-6932