**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

2001 JUN 12  P 12: 19

*BMcCarthy*

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION                      ) <br>                                ) <br>         Plaintiff,             ) <br>                                ) <br> V.                             ) <br>                                ) <br> WREN CHEVROLET, INC.,          ) <br>                                ) <br>         Defendant.             ) <br> _____) | CIVIL ACTION NO. <br><br> CV101-051 |

## CONSENT DECREE

This action was instituted by the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (hereinafter, Plaintiff or "Commission") against WREN CHEVROLET, INC. (hereinafter, Defendant or "WREN") pursuant to § 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (hereinafter, referred to as "Title VII") and the Civil Rights Act of 1991, 42 U.S.C. 1981(a) to remedy the alleged unlawful employment practices identified in the Complaint filed in this action. This Court has jurisdiction of the subject matter of this action and of the parties to this action.

The Commission alleged in the foregoing civil action that WREN acted unlawfully by refusing to promote a qualified female, Lisa Hadden to the position of Service Manager because of her gender. A charge of discrimination, EEOC Charge No. 110980610, was filed by Hadden on November 17, 1997.

In its Complaint, the Commission sought make whole relief including, but not limited



3.

to, back pay relief, with interest, compensatory and punitive damages, and injunctive and other affirmative relief. WREN disputes and denies any liability in this matter.

All of the parties to this action desire to avoid the additional expense, delay and uncertainty which would result from the continuance of this litigation and desire to formulate a plan to be embodied in a Consent Decree which will promote and effectuate the purposes of Title VII. This Decree is not to be deemed or construed to be an admission of liability or wrongdoing by WREN but constitutes the good faith settlement of a disputed claim.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one which will promote and effectuate the purposes of Title VII.

Now, therefore, this Court, being fully advised in the premises, it is hereby **ORDERED, ADJUDGED AND DECREED:**

### I. DISCLAIMER OF VIOLATION:

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree, and the undertakings made by WREN hereunder, are in settlement and compromise of claims of alleged sex discrimination in employment, the validity of which WREN denies. Neither the negotiation, execution, nor entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by WREN that its officers, agents or employees have violated or have not been in compliance with Title VII or any other applicable law, regulation or order.

## II. NON-DISCRIMINATION

WREN agrees that it will not discriminate against any employee in any aspect of employment on the basis of their sex and that it will not retaliate against any person because that person is a beneficiary of this Consent Decree, or has provided information or assistance, or has participated in any other manner, in any investigation or proceeding relating to this Consent Decree. WREN will ensure equal opportunity in the employment process with respect to members of the protected group, and shall make all decisions relating to protected group members without regard to an individual's sex.

## NOTICE TO BE POSTED

Immediately upon entry of this Consent Decree and continuing until the expiration date specified in Section XI herein, Defendant WREN will keep posted a copy of the Notice attached to this Consent Decree (as Attachment A) at Defendant's Wrens, Georgia facility. The posting required by this paragraph shall be made on bulletin boards or locations selected so that each employee at Defendant's Wrens, Georgia facility shall have the opportunity to observe at least one such posting when at the facility. WREN will fulfill the posting requirement within fifteen (15) days of the entry of this Consent Decree and shall certify to the Regional Attorney for the Atlanta District Office, within (thirty) 30 days of such date, that posting has been accomplished.

WREN shall not withhold the right of the Commission to enter upon its premises to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, WREN will ensure that a new, readable copy of the Notice is posted

3

in the same manner as heretofore specified.

## IV. MANAGER TRAINING

WREN shall, at least one time per year for the term of this Agreement, in an appropriate location, hold a training session for all of its managers and other supervisory personnel, including all of the corporate officers employed at the Defendant's Wrens, Georgia facility, which shall address WREN's and its employees' equal opportunity obligations pursuant to Title VII, including its anti-retaliation obligations. WREN shall notify the EEOC at least five (5) days in advance regarding the date(s) and time(s) the training contemplated by this Section IV will be accomplished. WREN shall provide written certification to the EEOC of training completed pursuant to Section IV within thirty (30) days following completion of training. The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics and any other pertinent information about the training. If written training materials are utilized, the Commission shall be supplied with a copy. All written certification required by this Section shall be addressed to the Regional Attorney in the Atlanta District Office whose address is Atlanta Federal Center, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

## V. INSTRUCTION TO MANAGEMENT

Within forty-five (45) days from the entry of this Decree, WREN shall certify, in writing, to the EEOC that all management and supervisory personnel who are current

employees of WREN and who were involved in the investigation and resolution of Lisa Hadden's gender based failure to promote allegation have been instructed as to the terms of this Consent Decree, and the full meaning of the provisions of the Notice to be posted, and have reaffirmed with such individuals that employment decisions are not to be made on any basis that is prohibited by Title VII. The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics and any other pertinent information about the training. If written training materials are utilized, the Commission shall be supplied with a copy. All written certification required by this Section shall be addressed to the Regional Attorney in the Atlanta District Office whose address is Atlanta Federal Center, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

## VI. REPORTING REQUIREMENT

For the duration of the term of this decree, WREN agrees that any complaint, including but not necessarily limited to a formal charge of discrimination, arising in its Wrens, Georgia facility and brought to the attention of WREN management alleging issues of sex discrimination which were raised by the Complaint in this civil action and resolved by this Consent Decree shall be reported to the Regional Attorney. Every six months for the duration of this Consent Decree, WREN shall certify in affidavit form, a summary report to the Regional Attorney specifying whether an employee has complained about sex discrimination. If an employee has so complained, then the summary report

should also include the complaining employee(s) name, nature of the complaint, a description of the investigation conducted, and disposition of the complaint, including a description of any disciplinary action taken as a result of the investigative findings. The report should be addressed to the Regional Attorney in the Atlanta District Office, whose address is Atlanta Federal Center, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

### VII. MONETARY RELIEF:

WREN, in settlement of alleged claims of financial loss due to alleged discriminatory employment practices, will pay to Lisa Hadden the amount of one-hundred forty thousand dollars ($140,000.00). The payment is recognized to be without admission of liability on the part of WREN.

### VIII. REFERENCES

WREN agrees that if it receives inquiries from persons or prospective employers seeking a reference or other employment related information concerning Lisa Hadden, that it shall provide no less than a neutral reference, citing the dates of employment, the position(s) held, and the fact that performance was satisfactory. WREN will make no mention to persons or prospective employers seeking a reference of the fact that Hadden filed a charge of discrimination.

### IX. PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement

of the Consent Decree by informal mediation and consultation. Before seeking enforcement through the judicial process, the Commission will notify WREN in writing by certified mail to William R. McCracken, Esq., 505 Courthouse Lane, Augusta, Georgia 30901-2492, if it has any reason to believe that any action or omission by WREN is in violation of the Consent Decree. WREN shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney for the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies. If upon receipt of WREN's report the Commission concludes that the deficiency has not been satisfactorily cured by WREN, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation and mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process. Notwithstanding any of the foregoing, nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Decree and which constitutes a dispute as contemplated by this Section IX from being fully and completely processed in the manner described in this Section IX, even though the dispute is not resolved within thirty (30) days of the termination of this Decree.

## X. COMPLIANCE OFFICIAL:

WREN shall designate a compliance official who shall be responsible for

compliance with this Consent Decree, and also responsible for coordinating and overseeing WREN's compliance with this Consent Decree.

## XI. TERMS OF DECREE - PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of twenty-four (24) calendar months immediately following the entry of the Consent Decree and shall expire two years from the date of entry of the Consent Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If the required reports are not submitted within 30 days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed. This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for the term of this Decree, unless the Court acts or the Commission has, prior to the expiration of said term, moved to enforce compliance with the Consent Decree. If this Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the term of this Decree have been resolved. Thereafter, this Court shall dissolve this Consent Decree and shall dismiss this cause with prejudice.

## XII. OTHER ACTIONS:

The Commission shall not commence or prosecute against WREN any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities which arise out of EEOC Charge Number 110980610, or the investigation of that charge or this lawsuit. This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against WREN or its owners in accordance with standard Commission procedures, and to commence civil actions pursuant to Section 706 (f) of Title VII on any such charge, except that for its duration, this Consent Decree will constitute the sole basis on which the Commission will seek relief on Decree-covered issues.  Nothing in this Consent Decree shall be construed to limit or reduce WREN's obligation to fully comply with Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Americans with Disabilities Act of 1990; or the regulations promulgated pursuant thereto. Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XIII. COSTS AND ATTORNEY FEES:

The Commission and WREN shall each bear their own respective costs and attorney's fees for this action.

The parties hereto and undersigned attorneys of record for the Plaintiffs and WREN in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

9

**[Signatures on following page]**

**BY CONSENT**:

Attorneys for Plaintiff:

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 "L" Street, N.W.
        Washington, D.C. 20507

        S. ROBERT ROYAL
        Regional Attorney

        CHARLES T. BELL, JR.
        Senior Trial Attorney
        Ga. Bar No. 047649

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Atlanta District Office Legal Unit
        Atlanta Federal Center
        100 Alabama Street, SW
        Suite 4R30
        Atlanta, Georgia  30303

**[Signatures continued on next page]**

Attorneys for Defendant:

_____
CHARLES A. WILEY, ESQ.

FAIN, MAJOR, WILEY & BRENNAN, P.C.
100 Glenridge Point Parkway, Suite 500
Atlanta, Georgia 30342-1440

APPROVED, DONE and SIGNED this 12th day of June, ~~1999~~ 2001

_____
UNITED STATES DISTRICT JUDGE

12

## WREN CHEVROLET, INC.

## NOTICE OF NON DISCRIMINATION

**TO: ALL EMPLOYEES OF WREN CHEVROLET, INC.**

This Notice is being posted pursuant to a Consent Decree reached between WREN CHEVROLET, INC. and the United States Equal Employment Opportunity Commission to resolve charges of gender based promotion practices filed against the Company.

The United States Equal Employment Opportunity Commission is responsible for enforcing several federal employment discrimination statutes: Title VII of the Civil Rights Act of 1964, as amended, which prohibits employment discrimination based on race, color, religion, sex, or national origin; the Age Discrimination in Employment Act, as amended; the Equal Pay Act, as amended; and the Americans with Disabilities Act.  Sex discrimination with respect to the attainment of employment benefits is expressly prohibited under Title VII of the Civil Rights Act of 1964, as amended.

Federal law also prohibits retaliation against any employee or applicant who files a charge of discrimination, who cooperates with an investigation of a charge, or who benefits from a charge settlement.

WREN CHEVROLET, INC. fully supports and complies with federal laws in all respects and it will not take any action against employees or applicants because they have exercised their rights under the law.

This Notice will remain posted for twenty four (24) months.

Signed this _____ day of _____, 2000.


                              _____
                         For: WREN CHEVROLET, INC.


DO NOT REMOVE THIS NOTICE UNTIL _____.


## ATTACHMENT A

13

UNITED STATES DISTRICT COURT
Southern District of Georgia

```
        Case Number:    1:01-cv-00051
        Date Served:    June 12, 2001
        Served By:      Joseph A. Howell
```

Attorneys Served:

    S. Robert Royal, Esq.
    Charles Timothy Bell Jr., Esq.
    Charles A. Wiley Jr., Esq.

✓ Copy placed in Minutes

✓ Copy given to Judge

___ Copy given to Magistrate

UNITED STATES DISTRICT COURT
Southern District of Georgia

Case Number:   1:01-cv-00050
Date Served:   June 12, 2001
Served By:     Joseph A. Howell

Attorneys Served:

Charles A. Wiley Jr., Esq.

\_\_\_\_ Copy placed in Minutes

\_\_\_\_ Copy given to Judge

\_\_\_\_ Copy given to Magistrate